IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID VILLAGRANA,

    Petitioner,

v.                                                                   Civ. No. 13-179 MV/GBW

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Petitioner's Motion to Vacate, to Correct, or to Modify Sentence Pursuant to 28 U.S.C. § 2255. *Doc. 1*. I find that his claims are meritless. I therefore recommend that the Court deny his petition and dismiss this case.

**I.    BACKGROUND**

On July 13, 2011, Petitioner was indicted on two counts of possession with intent to distribute a controlled substance. *United States v. Villagrana*, Crim No. 11-1877 (D.N.M.) [hereinafter *Underlying Case*], *doc. 2*. On November 10, 2011, Petitioner pled guilty to one count, *id.*, *doc. 18*, and on July 26, 2012, he was sentenced to 60 months imprisonment, *id., doc. 30*. At his plea hearing, Petitioner testified under oath that the plea agreement had been read to him in Spanish, he had discussed it with his attorney, his attorney had answered his questions about it, he had no more questions about it for the court or for his attorney, he was satisfied with his attorney's advice and

1

representation, he had no complaints about his attorney, he was not threatened or coerced into pleading guilty, and he signed the plea agreement freely and voluntarily. *Id., doc. 46*. Moreover, Petitioner agreed that he possessed approximately 1.7 kilograms of cocaine as well as approximately 430 grams of cocaine base with the intent to distribute them. *Id., doc. 18* at 3-4; *doc. 46* at 35.

In his plea agreement, Petitioner waived his right to appeal the conviction and sentence, except on the issue of ineffective assistance in negotiating the plea agreement or entering the plea. *Id., doc. 18* at 8. Petitioner appealed, but the Tenth Circuit dismissed the appeal because it fell within the appeal waiver. *Id., doc. 49*.

On January 31, 2013, Petitioner filed the instant petition under 28 U.S.C. § 2255. *United States v. Villagrana*, Civ. No. 13-179 (D.N.M.) [hereinafter *Instant Case*], doc. 1. I read the petition to assert four claims that must be addressed:[1] (1) actual innocence; (2) ineffective assistance of counsel because Petitioner's attorney did not inform him that he waived the right to object to the Presentence Investigation Report (PSR) by making certain admissions during the presentence interview; (3) involuntary plea due to threats by the Assistant U.S. Attorney (AUSA) to arrest and charge Petitioner's family if he did not plead guilty; and (4) ineffective assistance of counsel due to Petitioner's attorney's

---

[1] Throughout his Petition, he argues that his waiver of collateral attack through a habeas petition contained in his plea agreement should not be enforced. *Instant Case, doc. 1* at 2, 5, 8, 9. As the undersigned's recommendation of dismissal is not based on that waiver, there is no need to address whether it could be enforced.

collusion with the AUSA regarding the threats to arrest and charge his family. The United States responded to the petition on May 29, 2013. *Id., doc. 7*.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner who "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Relief is available under § 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The court must presume "that the proceedings leading to the conviction were correct"; the burden is on the petitioner to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

## III. ANALYSIS

### A. Actual Innocence

Petitioner makes conclusory claims to being innocent of the charges to which he pled guilty. *Instant Case, doc. 1* at 5-6. The Supreme Court "ha[s] not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual

innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (*citing Herrera v. Collins*, 506 U.S. 390, 400 (1993)). It has noted, however, that "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Herrera*, 506 U.S. at 417. Moreover, in the context of habeas petitions, "'[a]ctual innocence' means factual innocence." *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner has put forward no facts, allegations, or arguments to support his claim of actual innocence. *See Instant Case, doc. 1* at 4. Petitioner is not close to crossing the theoretical threshold. Thus, I recommend denying this claim.

    **B.**    **Ineffective Assistance of Counsel Regarding PSR Objections**

Petitioner claims that "[d]uring the pre-sentence investigation report and before the sentencing hearing[,] defense counsel never disclosed to him that he was waiving objections by forfeiture over his admissions during pre-sentence interview…." *Id., doc. 1* at 8. Under *Strickland v. Washington*, counsel is constitutionally ineffective if a petitioner can demonstrate both that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defendant." 466 U.S. 668, 687-88 (1984). A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998). Petitioner never describes the nature of the objections he would have made, let

4

alone how the inability to make them prejudiced him in any way. As such, he fails to satisfy his burden under at least one of the *Strickland* prongs on this claim and I recommend denying it.

### C.  Involuntary Plea Due to Prosecutor's Threats

Petitioner claims that "his plea was enter [sic] under an extreme hardship to him and to his family. He will state that, because, he was under treats [sic] from his attorney and the United States Attorney, that if he did not plead to the charging indictment his immediate family (wife and daughters) were going to be charged too with criminal offenses of being accessories to a drug trafficking offense, he was forced to enter a guilty plea." *Instant Case, doc. 1* at 6. A prosecutor can lawfully threaten to charge third parties during plea negotiations so long as he has probable cause to bring those charges. *Miles v. Dorsey*, 61 F.3d 1468-70 (10th Cir. 1995). Not only does this claim by Petitioner contradict his sworn statements at the change of plea hearing, but he does not allege that the prosecutor lacked probable cause to bring the charges against the family members. Therefore, I recommend denying this claim.

### D.  Involuntary Plea Due to His Attorney's Involvement with Threats

As quoted above, Petitioner contends that his attorney was involved in the alleged threats of prosecution of his family. *Instant Case, doc. 1* at 6. It is not clear how Petitioner's counsel contributed to the AUSA's alleged threats, but I will assume that he stood by and allowed the AUSA to make them. As described above, Petitioner presents

5

no evidence that would make the AUSA's alleged threats improper.  Therefore, Petitioner's counsel was not constitutionally deficient when he failed to prevent such alleged threats.  As such, I recommend denying this claim.

IV. **CONCLUSION**

I conclude that Petitioner's claims are meritless.  I therefore recommend that the Court deny Petitioner's § 2255 petition, *doc 1*, and dismiss this case with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**